# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 438 | **DATE** | 6/11/2003 |
| **CASE TITLE** | Taco Bell Corporation vs. Continental Casualty Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due _____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Taco Bell's Amended Motion for Supplemental Relief and for Certification of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART. Zurich American Insurance Company's Motion to Strike is GRANTED IN PART AND DENIED IN PART. Continental Casualty Co's Motion for Certification of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) is GRANTED. The Court determines that there is no just reason for delay and, in accordance with its March 12, 2003 Memorandum Opinion and Order, hereby directs entry of final judgment. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 117 |
| ✓ | Docketing to mail notices. | | 6/4 | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK'S OFFICE | | |
| WAP | courtroom deputy's initials | 03 JUN 12 PM 3:08 | date mailed notice | |
| | | Date/time received in central Clerk's Office | FILED-ED 10 03-03 mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TACO BELL CORPORATION,<br>        Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY<br>and ZURICH AMERICAN INSURANCE<br>COMPANY,<br>        Defendants. | **FILED**<br><br>JUN 1 1 2003<br><br>JUDGE HARRY D. LEINENWEBER<br>U.S. DISTRICT COURT JUDGE<br><br>DOCKETED<br>JUN 1 3 2003 |
| CONTINENTAL CASUALTY COMPANY,<br>        Counter-Claimant,<br><br>v.<br><br>TACO BELL CORPORATION,<br>        Counter-Defendant. | Case No. 01 C 0438<br><br>Judge Harry D. Leinenweber |
| CONTINENTAL CASUALTY COMPANY,<br>        Cross-Claimant,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE<br>COMPANY,<br>        Cross-Defendant. | |
| CONTINENTAL CASUALTY COMPANY,<br>        Third-Party Plaintiff,<br><br>v.<br><br>ZURICH INSURANCE COMPANY,<br>        Third-Party Defendant. | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

    In a March 12, 2003 Memorandum Opinion and Order ("March 12 Order"), the Court granted the partial summary judgment motions of Taco Bell Corporation ("Taco Bell") and Continental Casualty

Company ("Continental"), thereby resolving the duty-to-defend claims presented in this litigation. Taco Bell's duty-to-defend claims are embodied in Count 2 of its Amended Complaint; Continental's duty-to-defend claims are embodied in Count 2 of its Amended Cross-Claim against Zurich American Insurance Company ("Zurich"). Taco Bell and Continental now move the Court for a certification, pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"), that the Court's judgment on the duty-to-defend claims is final and appealable. In addition, Taco Bell moves the Court for supplemental relief pursuant to 28 U.S.C. § 2202, in response to which Zurich has filed a motion to strike.

The Court presumes familiarity with the factual background and procedural posture of this case, and will therefore move directly to analyze the legal issues presented by the pending motions.

## RULE 54(b)

Rule 54(b) provides that, "when more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." FED.R.CIV.P. 54(b). Before doing so, however, the Court must first "assure itself respecting the separateness of the claims or parties to prevent piecemeal appeals in cases where the finality rule would normally apply." *Avondale Indus., Inc. v. Travelers Indem. Co.*, 887 F.2d 1200, 1203 (2nd Cir. 1989). The Court then must expressly

determine that there is "no just reason for delay," Fed.R.Civ.P. 54(b), and must explain its reasoning in reaching that conclusion, *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990).

There are essentially two issues in this case: whether Continental and Zurich have a duty to defend Taco Bell in the underlying *Wrench* litigation, and whether Continental, Zurich or any of Taco Bell's excess insurance carriers have a duty to indemnify Taco Bell for any potential losses suffered in connection with the *Wrench* litigation. The March 12 Order fully resolved the duty-to-defend claims; the duty-to-indemnify claims were not reached, as they were not yet ripe.

There is no question that the duty-to-defend claims are legally and factually separate and distinct from the duty-to-indemnify claims, *see Guillen v. Potomac Ins. Co.*, 751 N.E.2d 104, 110 (Ill. App. 2001); *cf. Avondale Indus., Inc.*, 887 F.2d at 1203; certifying the former as final and appealable will therefore present no risk that they will undergo "sequential appellate resolution," *Horn*, 898 F.2d at 592. Moreover, the Court perceives no just reason for delay. Given the apparent wrangling and stonewalling between the parties over the finality and enforceability of the Court's March 12 Order, Taco Bell and Continental should be entitled to the benefit -- including the enforceability, *see* Fed.R.Civ.P. 69, and the res judicata certainty, *see Shamley v. ITT Corp.*, 869 F.2d 167, 170 (2d Cir. 1989) - of a

final judgment on the duty-to-defend claims. In addition, given the independence of the defense and indemnity claims, there is no risk that the former will become moot by any further developments in this case or by the result in the underlying *Wrench* litigation. *Cf. Horn*, 898 F.2d at 592.

Accordingly, pursuant to Rule 54(b), the Court hereby expressly determines that there is no just reason for delay and, for the reasons set forth in the March 12 Order, expressly directs the entry of a final judgment on the duty-to-defend claims in this case.

### **SUPPLEMENTAL RELIEF**

Taco Bell separately moves the Court for supplemental relief pursuant to 28 U.S.C. § 2202, requesting an order granting Taco Bell a money judgment against: (i) Continental and Zurich, collectively, for a sum that allegedly represents Taco Bell's commercially reasonable, out-of-pocket defense costs paid prior to March 12, 2003 in connection with the *Wrench* litigation and for which it has not yet been reimbursed by either carrier; and (ii) Zurich, for a sum representing attorneys' fees Taco Bell incurred in bringing its November 22, 2002 Motion for Partial Summary Judgment.

As to the first item, Zurich objects that Taco Bell previously represented (in its partial summary judgment brief) that it would work to reach an agreement with Zurich regarding payment of those

costs before seeking a court order. But in light of the March 12 Order and, in particular, the Court's ruling on what constitutes "commercially reasonable" defense costs in this case, Taco Bell understandably forewent such efforts. Zurich further claims, and Taco Bell does not dispute, that it "has never seen" documents substantiating Taco Bell's commercially reasonable, out-of-pocket defense costs after approximately July 2002. (Def.'s Mot. to Strike at 2; Pl.'s Opp. to Def's Mot. to Strike at 3.) This argument has greater traction. Before being ordered to pay a precise amount, Zurich is certainly entitled to review (and, if appropriate, to object to) documents substantiating the commercially reasonable defense costs incurred by Taco Bell in connection with the *Wrench* litigation. *Cf. Knoll Pharm. Co. v. Auto. Ins. Co.*, 210 F.Supp.2d 1017, 1025 (N.D. Ill. 2002) (finding fees commercially reasonable based, in part, on "complete and thorough documentation" furnished by insured). While the March 12 Order may have set very narrow parameters around any possible inquiry into "commercial reasonableness," it plainly did not relieve Taco Bell of its minimal obligation to furnish documentation proving up its accumulated defense costs before demanding that its insurance carriers reach for their checkbooks. Accordingly, Taco Bell's motion that Zurich and Continental be ordered to pay a sum certain for defense costs that Taco Bell incurred through March 12, 2003 is denied without prejudice.

As to the second item, Taco Bell relies on *Green v. J.C. Penney Auto Ins. Co., Inc.*, 806 F.2d 759, 762 (7th Cir. 1986), a case which predicted that the Supreme Court of Illinois would adopt a common law rule set out in *Trovillion v. U.S. Fid. & Guar. Co.*, 474 N.E.2d 953, 958 (Ill. App. 1985) "obliging an insurer to pay legal expenses if its quiescence forces the insured to bring a declaratory judgment action," *Nat'l Cycle, Inc. v. Savoy Reinsurance Co. Ltd.*, 938 F.2d 61, 63-64 (7th Cir. 1991). Zurich notes that *Trovillion* has since been abandoned by the very intermediate Illinois appellate court that had decided it, and therefore claims that *Green* is no longer good law. Not so. At this point, *Green* remains on the books as "a fully considered decision," *id.* at 64, of the Seventh Circuit, *cf. Bernstein v. Genesis Ins. Co.*, 90 F.Supp.2d 932, 936 (N.D. Ill. 2000)(assuming continuing vitality of *Green*), and it is simply not within the province of this Court to overrule it. Such a decision, if it is to come at all, must come from the Seventh Circuit itself. *Cf. Rodriquez de Quijas v. Shearson/Am. Express Inc.*, 490 U.S. 477, 484 (1989)("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

The instant case appears to fall squarely within the *Trovillion* rule recognized in *Green*, and Taco Bell is therefore entitled to recover attorneys' fees it incurred in connection with the preparation and filing of its Motion for Partial Summary Judgment. Zurich's only objection to Taco Bell's fee request (beyond its meritless contention that *Green* is a dead letter) is that several amounts in Taco Bell's supporting affidavits appear unrelated to Taco Bell's Motion for Partial Summary Judgment and should therefore be excluded. (*See* Def.'s Reply in Supp. of Mot. to Strike at 3.) The Court will exclude those contested amounts. Accordingly, the Court grants Taco Bell's motion for attorneys' fees and orders Zurich to pay Taco Bell $44,493.75.

## CONCLUSION

For the foregoing reasons, Taco Bell's Amended Motion for Supplemental Relief and for Certification of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [107-1] is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. Zurich American Insurance Company's Motion to Strike [114-1] is **GRANTED IN PART AND DENIED IN PART**. Continental Casualty Co.'s Motion for Certification of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [105-1] is **GRANTED**.

Pursuant to Rule 54(b), the Court determines that there is no just reason for delay and, in accordance with its March 12, 2003 Memorandum Opinion and Order, hereby directs entry of final

judgment as to the duty-to-defend claims in this case, such judgment to run (i) in favor of Continental and against Zurich on Count 2 of Continental's Amended Cross-Claim, and (ii) in favor of Taco Bell and against each of Zurich and Continental on Count 2 of Taco Bell's Amended Complaint, as follows:

- Zurich and Continental each have a present duty to defend Taco Bell in connection with litigation currently pending in the Western District of Michigan under the caption *Wrench LLC v. Taco Bell Corp.*, No. 1-98-CV-45.

- Zurich and Continental shall each bear fifty percent (50%) of Taco Bell's commercially reasonable defense costs in the *Wrench* litigation to the extent that such costs exceed the $2,000,000 Self-Insured Retention in the Zurich Policy.

- Continental is immediately entitled to equitable contribution from Zurich in an amount equal to fifty percent (50%) of all commercially reasonable defense costs paid prior to March 12, 2003 by Continental on behalf of Taco Bell in the *Wrench* litigation to the extent that such payments exceed the $2,000,000 Self-Insured Retention in the Zurich Policy, which amount, based on an uncontested affidavit, is $1,767,503.45.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: June 11, 2003